**BARIC & ASSOCIATES**
Steven D. Baric, Esq., Bar No. 200066
4590 MacArthur Blvd., Ste 650
Newport Beach, California 92660
Telephone: (949) 201-4368
Email: sbaric@bariclaw.com

Attorneys for Plaintiff AMBER GILLES

## IN THE UNITED STATES DISTRICT COURT FOR

## THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMBER GILLES**,<br><br>     **Plaintiff,**<br><br>     vs.<br><br>**SPROUTS FARMERS MARKET, INC. and DOES 1 through 20, Inclusive,**<br>     **Defendants.** | Case No: **'20CV2131 GPC JLB**<br>**Assigned for All Purposes to:**<br>**Judge:**<br>**Dept:** |

## COMPLAINT

AND NOW, COMES Plaintiff by and through her attorney files this Complaint against Sprouts Farmers Market, Inc., in support there of aver as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, and Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to Plaintiff's claims occurred in this judicial district.

///

///

## PARTIES

3. Plaintiff is an individual residing in San Diego County, California. The causes of action set forth herein took place at a Sprouts Farmers Market grocery store within the Southern District of California.

4. Defendant is a Delaware corporation with its corporate office located at 5455 East High Street, Suite 111, Phoenix, AZ 85054. Sprouts Farmers Markets, Inc. owns and operates grocery stores at numerous locations across southern California, including over 20 stores in San Diego County, California.

5. Sprouts Farmers Markets grocery stores are a public accommodation as defined in Title III of the Americans with Disabilities Act ("**ADA**").

## FACTUAL BACKGROUND

6. This action arises from Defendant's corporate policy and practices in California that violates Title III of the ADA and the California Unruh Civil Rights Act ("**Unruh Act**"). Defendant has adopted a corporate policy that requires all customers in California to wear masks covering their mouth and nose while inside Sprouts Farmers Market stores, with no exception for customers who cannot wear such masks for medical reasons. Customers who cannot wear masks for medical reasons are denied full and equal access to Sprouts Farmers Market Stores. Defendant's uniform mask requirement is in direct contradiction of the guidelines published by the United States Centers for Disease Control and the California Department of Public Health. Plaintiff has been denied full and equal access to Sprouts Farmers Market stores in violation of Title III of the ADA.

7. Plaintiff is a person with a disability who has several health conditions that substantially limit a major life activity of breathing and her respiratory and nervous systems. Plaintiff cannot wear a mask or face covering without experiencing shortness of breath. These conditions prevent her from wearing a mask over her face, as certified by a health professional.

///

///

8.   The U.S. Center for Disease Control and Prevention had issued a recommendation, most recently updated on August 7, 2020, that people wear masks in public settings, except by people who has trouble breathing.

9.   On March 19, 2020 California Governor, Gavin Newsom, authorized Dr. Sonia Y. Angell, in her capacity as the State Public Health Officer and Director, to institute such disease control measures as she sees fit in order to protect the public from the spread of an infectious disease.  On June 18, 2020, the California Department of Public Health ("CDPH") issued GUIDANCE FOR THE USE OF FACE COVERINGS ("**Guidance**"), and subsequently updated the guidance on June 29, 2020.  The Guidance mandates that all people in California wear face masks when engaged in certain high-risk situations, such as inside any public space, such as a grocery store.  However, there Guidance specifically states that certain persons are exempt from wearing a face covering, including:  **"Persons with a medical condition, mental health condition, or disability that prevents wearing of a face covering.  This includes persons with a medical condition for whom wearing a face covering could obstruct breathing..."**

10.   The County of San Diego, Health and Human Services Agency has issued Emergency Regulations on September 25, 2020, requiring face masks to be worn as described and required by California Department of Public Health Guidance from June 18, 2020, as outlined above; i.e. with exceptions for persons with medical conditions precluding them from wearing such face coverings.

11.   Defendant's policy for in-store wearing makes reference to the published CDC recommendations, including one of the listed exemptions, but inexplicably omits the other exemptions clearly stated in the CDC exemptions.  I.e. One of the CDC exemptions is for children younger than 2 years old, which is reflected in Defendant's in-store policy.  However, CDC recommendations also clearly states that masks should NOT be worn by:

- Children younger than 2 years old
- Anyone who has trouble breathing

- Anyone who is unconscious, incapacitated, or otherwise unable to remove the mask without assistance

However, the CDC exemptions, which are also contained in the State of California issued Guidance as well as the San Diego County Order, for persons having a medical condition which causes trouble breathing through a mask, are omitted from Defendant's mask wearing policy, thereby denying access to Defendant's facilities to persons who are not required to wear a mask pursuant to the CDC recommendations, the State of California Guidance or the San Diego County Order.  Defendant's mask requirement is in direct contradiction to the Order of the San Diego County Health and Human Services Agency and the Guidance issued by the California Department of Public Health and the guidelines published by the U.S. Centers for Disease Control.  Plaintiff has been denied full and equal access to Sprouts in violation of Title III of the ADA.

12.     On August 6, 2020, Plaintiff was denied entry into Sprouts and told she could not shop and was ordered to leave the premises.  Plaintiff explained that she suffers from medical conditions which make it impossible for her to wear a mask and that she has documentation of her condition from a medical professional.  The Employee stated that it was store policy and refused to let Plaintiff enter the store or even to consider her request for an exemption to the store policy.  Defendant's Employee did not offer Plaintiff to have someone gather the groceries for her, or provide any other reasonable accommodation.  Plaintiff responded that her rights were being violated because of her medical condition and that it was not safe for her to wear a mask.  Defendant's employee then threatened to call the police if Plaintiff did not leave the premises.

13.     Despite the California Health and Human Services Agency Guidance, the County of San Diego Department of Health and Human Services Order and the CDC guidance to the contrary, Defendant implemented policies and procedures denying entry to their stores, even if they are disabled and cannot wear a face covering due to a medical condition.  This policy flies in the face of the CDC issued recommendations which state **"Cloth face coverings should not be placed on young children under the age of 2,**

**anyone who has trouble breathing, or is unconscious, incapacitated, or otherwise unable to remove the mask without assistance."** The CDC further directs individuals to make sure when using a face covering that there is no difficulty breathing while wearing the face covering.

14. Defendant has adopted and enforces policies and procedures that require all customers shopping at their store locations to wear face coverings. Defendant's policies and procedures allow no modifications for invitees who wish to shop in its stores who have disabilities which prevents wearing of a face covering, or conditions which makes wearing a face covering dangerous to the customer.

15. Defendant's employees have verbally harassed and threatened Plaintiff with removal and arrest for trespass for not complying with Defendant's illegal face covering policy.

16. Defendant justifies it policies and procedures that violate the ADA and the California Unruh Act by claiming that customers excluded from entering the stores because they cannot wear a mask for medical reasons due to a disability have the option of staying out of the store and having one of Defendant's employees shop for them or use curbside pickup and delivery services. However, these services are not available at all stores, at the same time, and do not apply to some items that can be purchased in stores, such as alcohol. These services also do not provide an adequate alternative when it comes to selecting non-packaged goods, such as fresh vegetables and fruits. Most importantly, these alternatives to shopping in the store like non-disabled customers do not comply with the ADA and deny disabled customers full and equal access to Defendant's stores. Because the exemption to Defendant's face covering policy and practices requested by Plaintiff were reasonable and completely in line with the State, County and CDC orders and guidance, Defendant was required to grant Plaintiff's request. The requested modifications would not change the nature of Defendant's business or present a direct risk as defined in the ADA regulations.

17. By implementing and enforcing policies more stringent than those required by State and Federal guidelines and recommendations, Defendant has excluded disabled people from its public accommodations because their disabilities prevent them from wearing masks and other face coverings.

18. By enacting a policy which is more stringent than the State and Federal orders and guidelines, Defendant cannot assert such local, State and Federal guidelines and recommendations as a defense to justify its policies clearly violating Title III of the ADA and the California Unruh Act.

19. Defendant's face covering policies and procedures violate Title III of the ADA and the California Unruh Act because Plaintiff was denied full and equal enjoyment of Defendant's public accommodation because of her disabilities.

## FIRST CAUSE OF ACTION

### Violation of Title III of the ADA

20. Plaintiff realleges and incorporates by reference each allegation contained in paragraphs 1 through 19 above as if the same were set forth in full.

21. At all times relevant to this action, the ADA was in full force and effect in the United States.

22. Title III of the ADA, which applies to public accommodations such as Defendant's stores, establishes the general rule that no individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any public accommodation.

23. ADA discrimination includes a failure to provide services to a disabled person to the extent that such services are provided to non-disabled persons.

24. The ADA requires that goods, services, facilities, privileges, advantages and accommodations be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual. The United States Supreme Court has defined the phrase "most integrated setting" to mean "a setting that enables individuals with disabilities to interact with non-disabled persons to the fullest extent possible."

1 Anderson v. Macy's Inc., 943 F. Supp.2d 531, 549 (J. Hornak) (W.D. Pa. 2013), quoting Olmstead v. L.C. ex. Rel. Zimring, 527 U.S. 581, 592, 119 S. Ct. 2176, 144 L. Ed. 2d 540 (1999).  "Providing segregated accommodations and services relegates persons with disabilities to the status of second class citizens." 28 C.F.R. §36 app. C.

25. Title III prohibits places of public accommodation from providing people with disabilities with services, facilities, privileges, advantages or accommodations that are "not equal to," or are "different or separate from" those provided to other individuals. 42 U.S.C. §12182(b)(1)(A)(ii)-(iii).  Title III requires all places of public accommodation to have access to the physical environment of the accommodation.

26. Plaintiff is an individual with disabilities within the meaning of the ADA because she has a physical impairment that substantially limits one or more of her major life activities and causes her to have difficulties breathing.

27. Plaintiff requested a modification to Defendant's face covering policy due to her disabilities.  The request was reasonable and in accordance with the recommendations, orders and guidelines of the California Department of Health and Human Services, the San Diego County Department of Health and Human Services and the U.S. CDC.  The requested modifications would have allowed Plaintiff to enjoy full and equal access to Defendant's grocery store as provided to people who are not disabled and who are able to comply with the request to wear a mask without potentially subjecting themselves to respiratory distress and/or other physical or mental injuries or ailments.

28. Defendant is a business that owns, leases and/or operates a place of public accommodation within the meaning of the ADA because Defendant owns, leases or operates grocery stores which provide food and other essential items and services to members of the public.

29. Defendant is in violation of the ADA because it discriminated against Plaintiff on the basis of her disabilities in the full and equal enjoyment of the services, facilities, privileges, advantages or accommodations of Sprouts Farmers Market because it denied Plaintiff the services, facilities, privileges, advantages and accommodations of the stores

in the most integrated setting appropriate to Plaintiff's needs, because it refused to modify its policies and procedures to allow access to and enjoyment of, the stores without wearing a face covering because of her disabilities.

30. Defendant's policies and practices have, are and will cause irreparable harm to Plaintiff.

31. Plaintiff intends to continue to shop at Sprouts Farmers Markets but have been deterred from doing so.

32. Defendant has publicly stated that its customers who cannot wear a mask must use some alternative other than shopping inside its stores without a mask. This constitutes evidence that, absent an injunction, Defendant has no intent to comply with the legal requirements of the ADA or to train its employees of their need to comply with the ADA.

33. Plaintiff did not pose a direct threat to the health or safety of others. There was no significant risk to the health or safety of others if Defendant modified its policies, practices and procedures. Social distancing, temperature checks and other safety precautions were in place or could easily be put into place in the stores. Plaintiff had no signs or symptoms of Covid 19. Federal, State and County orders and guidelines all clearly state the need for a medical exemption from the requirement to wear a face covering. Defendant refused to consider the need for an exemption to its face covering policies and procedures, despite the fact that it had no basis to conclude that Plaintiff was a direct threat to the health and safety of others. Defendant made not individual assessments which considered Plaintiff's actual abilities or disabilities, instead it adopted a broad and discriminatory policy based on generalizations, stereotypes and politics.

34. Plaintiff requests that the court award her injunctive relief requiring Defendant to accommodated Plaintiff by modifying its policies and procedures, allowing Plaintiff to shop in its stores without wearing a face covering sot that she may fully and equally enjoy the benefits, privileges, goods, services facilities, advantages and accommodations of Sprouts Farmers Market stores in the future. To affect such relief to Plaintiff, it may

be appropriate for the court to provide clear protocols to all Sprouts Farmers Markets employees advising that persons who cannot wear a mask inside the stores due to a disability must be accommodated.  Defendant should be required to train its employees about its legal obligations and to post and disseminate notice to Sprouts Farmers Market employees regarding their legal obligations under the ADA and California Unruh Act.

WEHRE FORE, Plaintiff seeks injunctive relief and reasonable attorney fees, including litigation expenses and the costs in this action.

## SECOND CAUSE OF ACTION

### Retaliation and Coercion in Violation of the ADA

35. Plaintiff realleges and incorporates by reference each allegation contained in paragraphs 1 through 34 above.

36. Defendant engaged in threats, intimidation and interference as set forth herein against Plaintiff after she asserted her rights under the ADA.

37. Defendant's threats, intimidation and interference was intended to interfere with Plaintiff's protected legal rights under the ADA.

38. Defendant's retaliation was caused by Plaintiff's protected conduct and requests for reasonable modifications to Defendant's policies and procedures requiring face masks to be worn inside its stores.

39. Defendant should be enjoined from retaliating against Plaintiff for requesting reasonable modifications to Defendant's policies and practices and being unable to wear a face mask while shopping at Sprouts Farmers Markets.

WHEREFORE, Plaintiff seeks injunctive relief and reasonable attorney fees including litigation expenses and the costs in this action.

## THIRD CAUSE OF ACTION

### Negligence/Reckless Conduct

40. Plaintiff realleges and incorporates by reference each allegation contained in paragraphs 1 through 39 above.

41. Defendant has a duty of care to Plaintiff as its business invitees, particularly after Plaintiff advised Defendant's employees of her medical conditions and danger to her health as set forth herein.

42. The careless, negligent and reckless conduct of Defendant consisted of the following:

   a. Failing to maintain a safe and orderly environment for invitees, such as Plaintiff;

   b. Ignoring Plaintiff's warning of potential breathing difficulty when forced to wear a mask;

   c. Forcing Plaintiff to wear a mask while shopping, contrary to CDC, State and local guidance and orders;

   d. failing to have adequate policies and procedures in place to prevent employees from forcing disabled business invitees to wear masks that might harm them;

   e. Ignoring the recommendations and guidelines of the California Department of Public Health, County of San Diego Department of Health and Human Services and the U.S. Centers for Disease Control regarding the use of masks and face coverings; and

   f. Failing to exercise due care and caution for the rights, safety and well being of the Plaintiff, as well as acting with wanton, willful and reckless disregard for the safety of the Plaintiff.

43. As a direct and proximate result of the aforementioned incident, which was caused by the reckless, careless and negligent conduct of Defendant, Plaintiff has suffered the following injuries damages and losses:

   a. Pain, suffering and inconvenience;

   b. Hypertension;

   c. Headaches;

   d. Shortness of breath;

   e. Exacerbation of her underlying health issues;

f.  Depression;

g.  Loss of the ordinary pleasures of life and

h.  Anxiety, embarrassment and humiliation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for all causes of action stated herein, including compensatory and punitive damages and such other relief as this court deems proper and just

### DEMAND FOR JURY TRIAL

Plaintiff demand a jury trial.

Dated:  October 30th, 2020

By: _____
Steve D. Baric, Esq.
Attorney for Plaintiff