OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
DAVID RAIZMAN, CA Bar No. 129407
david.raizman@ogletree.com
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California  90071
Telephone:  213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendant
SPROUTS FARMERS MARKET, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amber Gilles,<br><br>            Plaintiff,<br><br>      v.<br><br>Sprouts Farmers Market, Inc. and Does 1 through 20, Inclusive,<br><br>            Defendants. | Case No. 3:20-cv-02131-GPC-JLB<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. RULE 4(M)**<br><br>[*Filed concurrently with Notice of Motion and Motion to Dismiss; Declaration of Brand Lombardi; and Request For Judicial Notice*]<br><br>Date:              April 30, 2021<br>Time:             1:30 p.m.<br>Place:            Courtroom 2D<br><br>Complaint Filed: October 30, 2020<br>Trial Date:       None<br>District Judge:   Hon. Gonzalo P. Curiel<br><br>Magistrate Judge: Hon. Jill L. Burkhardt |

46308706_1.docx

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Amber Gilles ("Plaintiff"), an individual with alleged breathing, respiratory, and nervous system impairments, seeks damages and injunctive relief against SF Markets, LLC ("Sprouts," erroneously sued as "Sprouts Farmers Market, Inc."),[1] charging that Sprouts' face covering policy discriminated against her on the basis of her disability and retaliated against her in violation of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"), and subjected her to vaguely alleged negligence or reckless conduct.  Specifically, Plaintiff alleges that she was unable to wear a mask and accordingly was denied entry to Sprouts' store because of her failure to comply with its face covering policy. (Complaint ¶¶ 6-12.)  Despite filing the Complaint on October 30, 2020, Plaintiff failed to properly serve Sprouts with a copy of the Summons and Complaint within the required time period, despite ample opportunity to do so.  Accordingly, the Complaint should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## II.    PROCEDURAL BACKGROUND

Plaintiff filed the Complaint initiating the instant lawsuit on October 30, 2020 (ECF No. 1), and a Summons was issued that same day. (ECF No. 2.)  Rather than turn her attention to properly serving the Summons and Complaint on Sprouts, Plaintiff and her counsel instead turned to the media.  On November 18, 2020, Plaintiff and her counsel gave an interview to the Times of San Diego.[2]  In that interview, Plaintiff's then-counsel, Erik Nowacki, incorrectly suggested that Sprouts had already been served, and further falsely suggested that its Answer to the Complaint was due

---

[1] While the caption of the Complaint lists twenty Doe defendants, the body of the Complaint is devoid of any allegations regarding them.

[2] https://timesofsandiego.com/business/2020/11/18/anti-masker-amber-gilles-sues-sprouts-after-clairemont-store-denied-her-entry/

46308706_1.docx

by Thanksgiving.

Despite these misrepresentations, and the ready availability of Sprouts' registered agent of service (CSC), its headquarters and the ability to serve a foreign corporation by mail (Cal. Civ. Proc. Code § 413.20), Plaintiff took until February 17, 2021, 110 days after filing her Complaint and twenty days after the deadline for service had expired, to serve Sprouts by sending a process server to the *personal residence* of Brandon Lombardi, its Chief Legal Officer and Corporate Secretary.  (*See generally* accompanying Declaration of Brandon Lombardi ("Lombardi Declaration").)  As of the filing this Motion, Plaintiff has not yet filed a Return of Service with the Court. Plaintiff's Complaint should be dismissed for untimely service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## III.   LEGAL ARGUMENT

Once a Complaint is filed and a Summons is issued, a plaintiff is responsible for having the Summons and Complaint served on a defendant within ninety days after the Complaint is filed.  Fed. R. Civ. P. 4(c), (m).  Accordingly, the deadline for Plaintiff to serve the Complaint in this action was January 28, 2021.  Without seeking any extension or leave of Court, Plaintiff did not even attempt to effect service until February 17, 2021, almost three weeks after the deadline for service had passed.

Plaintiff and her counsel devoted the time following the filing of her Complaint to litigating in the media, as opposed to properly litigating before the Court.  On November 18, 2020, Plaintiff and her counsel spoke with *The Times of San Diego*, falsely suggesting that Sprouts had been served and had an Answer deadline in late November.  (*See* Ex. 1 to accompanying Request for Judicial Notice.)

Plaintiff had myriad valid avenues in which to properly and timely serve Defendant.  Corporate Service Company (CSC) has been designated as Sprouts' registered agent since before Plaintiff's Complaint was filed.  (Lombardi Declaration.) In addition, Sprouts' corporate office has remained open, staffed with a receptionist and available for service during normal business hours during the pendency of this

lawsuit.  (*Id.*)  Nonetheless, Plaintiff and her counsel chose to wait twenty days after the expiration of the deadline to attempt to serve Sprouts, eschewing the easiest and least expensive modes of service, instead sending a process server to the home of Sprouts' General Counsel, solely, it must be suspected, for its *ad terrorem* effect. (*Id.*)[3]

Rule 4(m) of the Federal Rules of Civil Procedure clearly provides that if a defendant is not served within 90 days after the Complaint is filed, upon motion, the Court must dismiss the action without prejudice or order service be made within a specified time. Fed. R. Civ. P. 4(m).   Sprouts accordingly requests that this action be dismissed in light of Plaintiff's plain and strategic failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

In addition, as Plaintiff has not yet identified or served any of the Doe Defendants included in the caption of her Complaint, such defendants must be dismissed as well.  *See Sanchez v. Shell Oil Co.,* No. 3:20-CV-01647-BEN-LL, 2021 WL 107257, at *2 (S.D. Cal. Jan. 11, 2021) (dismissing unserved Doe defendants and noting that where a plaintiff has failed to link any particular violation to a specific actor, or explain how any of the unidentified parties caused a violation of his rights, the Court must dismiss those individuals, especially when they have not been served).

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

---

[3] Sprouts can only speculate as to Plaintiff's improper motives for delaying service, unless perhaps she and her counsel were motivated by a misguided attempt to delay the litigation of this action to a point at which she hoped the deadly effects and concerns of the COVID-19 pandemic would perhaps not be as glaringly apparent as they were in October 2020 (and as they remain today).  Such dilatory tactics should not be rewarded.

46308706_1.docx

## IV.   <u>CONCLUSION</u>

For the reasons explained above, Defendant respectfully submits that the Court should dismiss this action in its entirety pursuant to Rule 4(m).

Respectfully submitted,

DATED: March 10, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ David Raizman
David Raizman
Amber L. Roller
J. Nicholas Marfori

Attorneys for Defendant
SPROUTS FARMERS MARKET, INC.

46308706.1

46308706_1.docx