**BARIC & ASSOCIATES**
Steven D. Baric, Esq., Bar No. 200066
4590 MacArthur Blvd., Ste 650
Newport Beach, California 92660
Telephone: (949) 201-4368
Email: sbaric@bariclaw.com

Attorneys for Plaintiff
Amber Gilles

# UNITED STATES DISTRICT COURT

# IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER GILLES,<br><br>   Plaintiff,<br><br>   vs.<br><br>SPROUTS FARMERS MARKET, INC. and DOES 1 through 20, Inclusive<br><br>   Defendants. | CASE NO. 20-CV-02131-GPC-JLB<br><br>Assigned for All Purposes to:<br>Judge: Hon. Gonzalo P. Curiel<br>Magistrate Judge: Hon. Jill L. Burkhardt<br><br>**OPPOSITION TO DEFENDANTS MOTION TO DISMISS PURSUANT TO RULE 4 M, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: April 30, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 2D<br><br>Complaint Filed: October 30, 2020<br>Trial Date: None Set |

# INTRODUCTION

On August 6, 2020, Plaintiff was denied entry into Sprouts and told she could not shop and was ordered to leave the premises. Plaintiff explained that she suffers from medical conditions which make it impossible for her to wear a mask and that she has documentation of her condition from a medical professional. The Employee stated that it was store policy and refused to let Plaintiff enter the store or even to consider her request for an exemption to the store policy. Defendant's Employee did not offer Plaintiff to have someone gather the groceries for her or provide any other reasonable accommodation. Plaintiff responded that her rights were being violated because of her medical condition and that it was not safe for her to wear a mask. Defendant's employee then threatened to call the police if Plaintiff did not leave the premises. On October 30, 2020, Plaintiff filed suit in Federal Court for the Southern District of California alleging violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. ("Unruh Act").  On November 3, 2020, copies of the Summons, Complaint and Civil Case Cover Sheet were emailed to a process server in Arizona with the intention to serve the Defendant. (see Exhibit A) Plaintiff's attorney engaged Superior Process Services to effectuate service. ***Contrary, to the outlandish claims made by Defendants, service occurred at the home of the Agent for Service of Process because his office was closed due to the pandemic.***  Also, as will be explained further below, due to the complications caused by the pandemic service of defendant became more complicated and time consuming.  Therefore, the Plaintiff respectfully requests that the Court deny Defendants motion.

# FACTUAL BACKGROUND

On November 3. 2020, Tom Zollers at Superior Process Servers received an email from the paralegal for Plaintiff's counsel.  Attached was the copy of the complaint, the summons, and the Civil Case Cover sheet.  He was asked to serve Sprouts Farmers Market, Inc., LLC.  He was also provided information that the agent for service was Brandon F. Lombardi, Esq. Chief Legal Officer located at 11841 N. Tatum Boulevard, Suite 2400 Phoenix, Arizona 85028.  He went to the location provided and found that it was vacant

and there was no business in operation at that address.

After the failed service at the Tatum address, Zollers conducted some research on corporate filings in the state of Arizona. He researched and found that the current entity in the State of Arizona appeared to be SF Markets Inc., LLC Arizona (fn). Further research indicated that the company was managed in Arizona by Sprouts Farmers Markets Holdings. This situation appeared to be the result of a recent corporate restructuring.

After obtaining this information, he was able to get an address for this company located 5455 East Highland Street, Suite 111, Phoenix Arizona 85054. The State Corporate Filings listed the Agent for Service as Brandon Lombardi located at this address. Zollers when to this location on several occasions and was not able to serve anyone at the location because no one was present. Finally, after several attempts he was able to contact a female employee of Sprouts. She stated that this address was the appropriate address for the Corporate offices but that everyone was working at home because they had a Covid outbreak in the office. He asked her if this was the address that Corporate Counsel Brandon Lombardi worked at because he had to serve a complaint. She stated that this was the address that Lombardi worked at, but he was working at home because of the pandemic. Zollers then asked if he could get Lombardi's home address or in the alternative would she accept service on behalf of the company. She stated that she would not accept service, and nor would she tell him where Lombardi lived.

Finally, with no alternative available, Zollers had to conduct research to locate the address for Mr. Lombardi. This research was time consuming, finally he was able to locate an address for Mr. Lombardi on East Coolidge Street, Phoenix Arizona where he was finally served on February 17, 2021.

As shown above, Plaintiff made diligent attempts at service which were complicated by the global pandemic and the fact that the corporate staff at Sprouts was working at home including corporate counsel for Defendant. Therefore, Plaintiff had no choice but to serve the defendant's counsel at home. However, he was served during work hours on a work day.

# ARGUMENT

## I. PLAINTIFF MADE REASONABLE ATTEMPTS TO SERVE DEFENDANT AND THEREFORE THE COURT SHOULD DENY DEFENDANTS FRCP RULE 4 m MOTION.

Prior to December 1, 2015, Federal Rule of Civil Procedure 4(m) provided a plaintiff with a "[t]ime [l]imit for [s]ervice" of 120 days after the filing of the complaint. Since December 1, 2015, Rule 4(m) has provided a 90-day time limit: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The Court must extend the time for service beyond 90 days if Plaintiff shows good cause. *Id*. In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "[G]ood cause generally means that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998) (internal quotation marks omitted). However, an attorney's ignorance of the rules, oversight, inadvertence, or mistake does not rise to the level of excusable neglect. *See Townsel v. Cty. of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987) (ignorance of the time of service under Rule 4(j)—the predecessor to Rule 4(m)—was not excusable neglect); *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (no good cause to extend time to serve opposing party where counsel inadvertently failed to calendar the 120 day deadline); *see also Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930-31 (9th Cir. 1994) (attorney's mistake of law in interpreting the time to file a post-trial motion did not constitute excusable neglect under Federal Rule of Civil Procedure 6(b)).

Absent good cause, courts have discretion "to extend the time for service or to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d at 513. The Ninth Circuit has not set

forth specific factors to consider in making discretionary determinations under Rule 4(m). *Id*. However, the Ninth Circuit has noted that "a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (internal quotation marks omitted). An extension of time for service may be retroactive. *Wright v. City of Santa Cruz*, 2014 WL 3058470, at *7

Here, service was finally effectuated on February 17, 2021 which was 110 days after the initial filing of the complaint on October 30, 2020. Although it appears from the Defendants own brief, they have had actual notice of the complaint since November 18, 2020 (see Defendant motion p. 1 ln. 21-24.). Here there exists evidence to show that "good cause" exists to grant an extension past the 90-day service requirement. "[G]ood cause generally means that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998). The evidence from the process server shows that service was attempted and that it was not completed because of factors beyond his control. First, while it appears to be stating the obvious the global pandemic and the corporate response to the crisis has made conducting normal business activities extremely complicated. This case is no different. Zollars went to several locations to effectuate service. Once he found the appropriate location the agent for service was not present and would not be present for an indefinite period. He then asked an employee if he could have the address for Mr. Lombardi. The employee refused to provide this information and would not accept service on behalf of the company. Finally, after additional time and research he was able to locate a home address for Mr. Lombardi and then he was served at home during normal working hours.

**II.    EVEN IF THE COURT WERE TO FIND THAT NO GOOD CAUSE EXISTS THE COURT SHOULD EXTEND TIME FOR SERVICE RETROACTIVELY.**

Even if the Court were to find that good cause did not exist, courts have discretion "to extend the time for service or to dismiss the action without prejudice." *In re Sheehan*, 253

F.3d at 513. The Ninth Circuit has not set forth specific factors to consider in making discretionary determinations under Rule 4(m). *Id*.

The Ninth Circuit has noted that "a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041. Here, even if the court were to find that "good cause" did not exist based on the above case law the court should exercise its discretion and allow for the additional time to serve.  The complaint was served 20 days late however it appears that the defendant has been aware of the lawsuit since November 18, 2020 as it was aware of press coverage regarding the lawsuit.  Also, there exists no discernable prejudice to the defendant and none they have alleged.   Finally, the complaint has been served on the defendant and they have notice of the allegations.  Therefore, it appears that three of the factors from the *Efaw* case are equally present here and thus the Court should exercise its discretion to retroactively extend time for service.

## CONCLUSION

PLAINTIFF respectfully request that the Court DENY Defendants motion and allow Plaintiff additional time to serve the complaint.

DATED: March____23___, 2021                **BARIC & ASSOCIATES**

By:      /s/ Steven Baric_____
Steven D. Baric, Esq.
Attorneys for PLAINTIFFS

# DECLARATION OF STEVEN D. BARIC

I, Steven D. Baric, declare as follows:

1. I am duly licensed to practice law in the State of California and in the Southern Federal District of California. I am an adult individual and the following declaration is based on my personal knowledge. If called on a witness to testify, I could and would testify to the following statements of fact which are both true and correct.

2. On November 3, 2020 I caused my paralegal to send Tom Zollars an email which contained the complaint in this case, the summons and the civil case cover sheet.

3. I provided the information that the appropriate person to serve was Brandon Lombardi, Esq. who was listed as agent for service of process. I initially thought the appropriate address was located at 11811 North Tatum Blvd., suite 2400 Phoenix, Arizona. I became award that Mr. Zollars attempted service at this location but it appeared to be vacant.

4. I was then informed by Mr. Zollars that he had researched some corporate documents in the State of Arizona and was going to attempt service at the new location. The new location was located at 5455 East Highland Street, Suite 111, Phoenix, Arizona.

5. He then informed me that he went to that location and attempted service. He stated that when he arrived at the location he was able to speak to a female employee of sprouts. He was informed that Mr. Lombardi was not present and would not be present for some time because of the Covid situation in the office. He also stated that she refused to accept service and give him Mr. Lombardi's address.

6. Finally, on February 17, 2021, he was able to serve Mr. Lombardi at his home.

| | |
|---|---|
| 1    March 24, 2021 |       /s/ Steve Baric      |
| 2 | Steven Baric |