OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
DAVID RAIZMAN, CA Bar No. 129407
david.raizman@ogletree.com
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendant
SPROUTS FARMERS MARKET, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amber Gilles,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Sprouts Farmers Market, Inc. and Does 1 through 20, Inclusive,<br><br>　　　　Defendants. | Case No. 3:20-cv-02131-GPC-JLB<br><br>**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. RULE 4(M)**<br><br>Date:　　　　April 30, 2021<br>Time:　　　　1:30 p.m.<br>Place:　　　　Courtroom 2D<br><br>Complaint Filed: October 30, 2020<br>Trial Date:　　None<br>District Judge:　Hon. Gonzalo P. Curiel<br><br>Magistrate Judge: Hon. Jill L. Burkhardt |

## MEMORANDUM OF POINTS AND AUTHORITIES

The opposition brief of plaintiff Amber Gilles ("Plaintiff") to the Rule 4(m) motion to dismiss of defendant SF Markets, LLC ("Sprouts," erroneously sued as "Sprouts Farmers Market, Inc.") *attempts* to explain why it took 110 days to serve Sprouts and served Sprouts' Corporate Secretary at his home when Sprouts' registered agent for service in California and Arizona – CSC – is widely known for its role as a registered agent.

What is more significant is what the Opposition does *not* say in defending Plaintiff's failure to timely serve the Complaint.[1]  Plaintiff does *not*:  (1) provide a declaration (or other admissible evidence) of her process server's alleged attempts to serve Sprouts at its corporate headquarters; (2) explain why she did not serve CSC, one of the largest and best known agents for service of process; (3) explain why it did not serve Sprouts as a corporate entity *either* at its headquarters when her process server was allegedly present at headquarters trying to serve Brandon Lombardi or by mail-serving a foreign corporation (*see* Cal. Civ. Proc. Code § 415.40); (4) attach or identify any public filing that lists Brandon Lombardi as a registered agent for service of process for Sprouts, despite claiming that she relied on such a document in attempting to serve Mr. Lombardi, instead of Sprouts' registered agent for service of process; (5) explain why Plaintiff did not seek relief from the 90-day service requirement when it was allegedly having difficulty serving Sprouts; (6) explain why it took so long to find Brandon Lombardi's home address when the top two results of

---

[1] If only to correct the public record created by a gross, factual inaccuracy in Plaintiff's Opposition, Sprouts is compelled to point out that its Corporate Office was never closed "due to a Covid outbreak."  Sprouts Corporate Office has remained open, with non-essential employees working remotely, since March 16, 2020 and has never experienced a "Covid outbreak." A majority of Sprouts' corporate employees, aside from the receptionist, Director of Safety, and mailroom staff, have been working remotely to prevent Covid-19 cases in corporate employees. The essential employees identified above who work onsite follow social distancing and mask-wearing protocol. All employees who report to the Corporate Office in person are required to submit a health questionnaire and follow Covid-screening protocol.

a simple Google search reveals that address in less than 1 second (*see* Exhibit A); or (7) explain why it still has not filed a proof of service in this action.

These significant, unaddressed questions raise serious doubts about the veracity of Plaintiff's account of her attempts at service.  Plaintiff's gamesmanship in delaying the service of the Complaint and then unnecessarily serving Sprouts' Corporate Secretary at his home, followed by her wanting explanation for this course of conduct, should not be rewarded.

For the reasons explained above, Defendant respectfully submits that the Court should dismiss this action without prejudice pursuant to Rule 4(m).

Respectfully submitted,

DATED: March 31, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ David Raizman
David Raizman
Amber L. Roller
J. Nicholas Marfori

Attorneys for Defendant
SPROUTS FARMERS MARKET, INC.

46605737.1

46605737_1.docx

2   Case No. 3:20-cv-02131-GPC-JLB
DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. 4(M)