# EXHIBIT 6

4/1/2021, Anti-Masker Amber Gilles Sues Sprouts After Clairemont Store Denied Her Entry - Times of San Diego



**TIMES** *of SAN DIEGO*

BUSINESS

# Anti-Masker Amber Gilles Sues Sprouts After Clairemont Store Denied Her Entry



by **Ken Stone**
November 18, 2020



Amber Gilles displays what she calls her "medical exemption" allowing her to enter Sprouts without a face mask. When employee told her no that August day, she threatened to sue. Image via Facebook

First she blasted a Starbucks barista on social media, leading to **national TV attention**. Then she led a **mask-burning in Mission Bay Park**. Now comes her lawsuit.

Amber Lynn Gilles says **Sprouts Farmers Market** violated her civil rights and the **Americans with Disabilities Act** by keeping her from shopping maskless at the chain's Clairemont store.

On Aug. 6, Gilles was **denied entry into Sprouts** and ordered to leave — even after she explained that she suffers from medical conditions "which make it impossible for her to wear a mask," said the 11-page federal suit filed in San Diego.

The woman branded the "Starbucks shamer" and "Starbucks Karen" contends that she has documentation of her condition from a medical professional, but didn't include it in the legal filing.



**Amber Gilles lawsuit against Sprouts Farmers Market. (PDF)**

On Thursday, following requests by Times of San Diego, Gilles provided an image of a handwritten note with parts obscured. It read: "Amber has underlying health conditions that prevent her from wearing a mask or any type of facial covering whatsoever. Please contact me if you have any questions."

In a Facebook Messenger chat, Gilles said the note was "sufficient" as court evidence.

Asked if the signer would testify, she said: "He will. He is a licensed doctor."

Gilles, 36, demands a jury trial as she seeks unspecified compensatory and punitive damages, saying she's suffered "pain, suffering and inconvenience" plus hypertension, headaches, shortness of breath, depression, anxiety, embarrassment, humiliation and "loss of the ordinary pleasures of life."



Note that Amber Gilles says she tried to use at Sprouts to prove she is exempt from face-mask requirement. Image courtesy Amber Gilles

**Erik Nowacki**, her lead attorney, says he expects a legal response from Phoenix-based Sprouts before Thanksgiving. Sprouts didn't respond to several requests for comment.

Nowacki says other people do most of Gilles' shopping and she's found a store willing to let her in without a mask, "but this store does not have fresh produce."

In a video posted to Facebook (and viewed 28,000 times), Gilles approached an employee of the Genesee Avenue store and flashed a piece of paper that she indicated was a medical exemption. The male staffer said: "I can't let you in." And she replied: "You guys are gonna be sued for discrimination."

Nowacki says he's not aware of anyone joining the lawsuit against Sprouts, but was working on a couple other cases with different plaintiffs and defendants over mask requirements.

Citing ADA accessibility requirements, Nowacki says that when Sprouts built the store, it had to comply with specifications such as steepness of a wheelchair ramp, width of a bathroom door, height of the sink and the distance of the toilet from the wall.

"If any of these measurements do not comply with the regulations, the store operator can be sued for violating the ADA," he said Wednesday via email. "This is all fairly clear and well-documented."

He shared links to state and federal guidance as well. At the time of the suit's Oct. 30 filing, the state said: "Anyone with a medical condition, mental health condition, or disability that does not allow them to wear a mask" didn't have to wear a face covering.

But **more recent guidance** from the California Department of Public Health, dated Nov. 16, says individuals exempt from wearing face coverings at all times include: "Persons with a medical condition,

mental health condition or disability that prevents wearing a face covering. This includes persons with a medical condition for whom wearing a face covering could obstruct breathing or who are unconscious, incapacitated or otherwise unable to remove a face covering without assistance."

The rule adds: "Such conditions are rare."

On Monday, the Annals of the American Thoracic Society **published a report** saying little evidence exists that wearing a mask significantly diminishes lung function, even when worn during heavy exercise.

"There might be a perceived greater effort with activity, but the effects of wearing a mask on the work of breathing, on gases like oxygen and $CO_2$ in blood or other physiological parameters are small, often too small to be detected," said Dr. Susan Hopkins of UCSD School of Medicine, the study's first author.

The case by Gilles, a mother of three, is the latest of similar anti-mask lawsuits around the country that cite the federal ADA.



Amber Lynn Gilles on Facebook video from outside Sprouts Farmers Market in Clairemont.

For example, in May a woman with an alleged respiratory disability filed suit under ADA against a Pennsylvania supermarket chain after she was denied entry over not wearing a mask.

But writing on the Ogletree Deakins site, attorney **Amber Roller said**: "The ADA does not require a public accommodation to permit an individual to participate in, or benefit from, the goods or services if that individual poses a 'direct threat' to the health or safety of others."

She suggested that stores denying entry to maskless customers may want to consider offering other comparable services, such as online ordering, curbside pickup or special shopping hours.

In July, **USA Today cited** a U.S. Justice Department press release: "The ADA does not provide a blanket exemption to people with disabilities from complying with legitimate safety requirements necessary for safe operations."

The department, in fact, **warned citizens** about fraudulent cards and other documents bearing the Department of Justice seal and claiming that individuals are exempt from face mask requirements.

And in August, more than 60 people sued Giant Eagle Inc. and C&J Grocery Co. in the Western District of Pennsylvania alleging they suffer from respiratory limitations, asthma, nervous system issues and PTSD that allegedly prevents them from being able to wear masks.

The plaintiffs asserted that "there was no significant risk to the health or safety of others if Giant Eagle modified its policies, practices and procedures" by allowing them to shop without masks and noted that the CDC acknowledged "the need for a medical exception to the mask requirement."

This week, Giant Eagle won a round in the case when U.S. District Judge Nora Barry Fishcher in Pittsburgh rejected an injunction request by maskless shopper Josiah Kostek.

"Fischer initially denied a temporary injunction because Kostek's claim that he had a medical condition that prevented him from

Exhibit 6, Page 54

wearing a face mask was simply a statement without proof," the Altoona Mirror **reported Wednesday**.



Event organizer Amber Lynn Gilles tosses a face mask into fire pit at Ski Beach at Mission Bay Park in August. Photo by Chris Stone

When Kostek presented his medical records, the judge pointed out that his doctors failed to say he was unable to wear a mask.

In the San Diego suit, attorney Nowacki said Gilles posed no direct threat to the health or safety of others.

"Plaintiff had no signs or symptoms of COVID-19," he wrote in the case assigned to **Judge Jill L. Burkhardt**. "Federal, state and county orders and guidelines all clearly state the need for a medical exemption from the requirement to wear a face covering. [Sprouts] refused to consider the need for an exemption to its face covering policies and procedures, despite the fact that it had no basis to conclude that Plaintiff was a direct threat to the health and safety of others."

But stores like Sprouts also have to consider the legal flip side.

"In recent months, employees have filed suit against their employers seeking damages for allegedly dangerous working conditions related to COVID-19," **said a post** by Janie F. Schulman, Neil Tyler and Michelle Sosa-Acosta on lexology.com. "Some of these claims are based on purportedly unsafe mask practices."

*Updated at 6:21 p.m. Nov. 19, 2020*