BARIC AND ASSOCIATES
Steven D. Baric, Esq. Bar No. 200066
4220 Von Karmann, Suite 200
Newport Beach, CA 92660
Telephone: (949) 677-3688
Email: sbaric@bariclaw.com

IN THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER GILLES<br><br>        Plaintiff,<br><br>    vs.<br><br>SPROUTS FARMERS MARKET, INC. and DOES 1 through 20, Inclusive,<br>Defendants. | Case No: 3:20-cv-02131-GPC-JLB<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. PROC. RULE 12(B)(6) |

TO THE UNITED STATES DISTRIC COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO DEFENDANT SPROUTS FARMERS MARKET, INC. AND ITS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE,** that Plaintiff will oppose Defendant's motion to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on May 14, 2021 at 1:30 p.m. before the Honorable Gonzalo P. Curiel in Courtroom 2D of the above entitled Court.

This Opposition to Motion is based on this Notice and the accompanying Memorandum of Points and Authorities and upon such further oral and documentary evidence and arguments as may be presented at or before the time of the hearing.

1 | Dated: April 15, 2021

BARIC AND ASSOCIATES

BY: _____

Steven D. Baric

BARIC AND ASSOCIATES
Steven D. Baric (State Bar. No. 200066)
2440 Von Karman Avenue, Suite 200
Newport Beach, CA 92660
Telephone: (949)677-3688
Email: sbaric@bariclaw.com

IN THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA

| AMBER GILLES | Case No: 3:20-cv-02131-GPC-JLB |
|---|---|
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. PROC. RULE 12(B)(6) |
| vs. | |
| SPROUTS FARMERS MARKET, INC. and DOES 1 through 20, Inclusive, Defendants. | |

Plaintiff, Amber Gilles opposes Defendant Sprouts Farmers Market, Inc. and SF Markets, LLC's Motion to Dismiss Complaint Pursuant to Fer. R. Civ. Proc. Rule 12(B)(6) on the following grounds:

1.      FAILURE TO ALLEGE DISABILITY.  As clearly alleged in the Complaint, Plaintiff suffers from a respiratory disability which gives her shortness of breath when wearing a mask or face covering, i.e. anything that restricts the airflow in front of her face.  A face shield is a non-permeable barrier placed directly in front of the wearer's mouth and face, which is clearly restrictive to breathing; perhaps not to the same extent as a face mask, but restrictive nonetheless.  In deciding a motion to dismiss under rule

12(b)(6), the Court must take the complaint's pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Hickey v. O'Bannon*, 287 F.3d. 656,657 (7th Cir. 2002). Thus, Defendant's argument that wearing a face shield is an alternative for all persons who cannot wear a face mask fails to be adequate to support its motion to dismiss the Complaint.

2.   CLEAR CONNECTION. Unlike the case of *Whitaker v. Tesla Motors, Inc.*, 9852 F3d 1173, cited by Defendant, in this case Plaintiff has clearly linked her respiratory disability to her inability to wear a face mask or covering. By reading the Complaint, Defendant can clearly determine that the Defendant is prevented by her respiratory disability from wearing a mask or face covering and that she is prevented from frequenting Defendant's stores as a direct result of Defendant's policy of requiring face masks or coverings to be worn by most of its customers.

3.   CDC GUIDANCE. Defendant claims that it is following the guidance issued by the Centers for Disease Control (CDC); however it fails to note that the CDC guidance exempts children who are less than two years old or people who have trouble breathing from wearing masks. Defendant elected to exempt children less than two years old from its mask and face covering policy, but it ignored the CDC exemption for people with breathing difficulties. If the purpose of Defendant's policies are to eliminate the spread of COVID-19 in its stores, it leaves the question open whether people with breathing difficulties are less of a threat to spread COVID-19 than small children.

4.   ALTERNATIVES. Defendant claims that it provides adequate alternatives to shopping in person in their store by means of online shopping and utilizing a store employee to shop for you. This may be a solution for pre-packaged commodity goods, however, Plaintiff's motive for visiting Defendant's stores was to take advantage of the large selection of fresh fruits and vegetables. Such products are best selected by viewing,

touching and sometimes smelling the product to select the specimen most appealing to the customer. Defendant's proffered alternatives would deprive Plaintiff of the benefit of entering the store to select her own fresh produce.

5. DEFENDANT'S CRITERIA IS NOT NEUTRAL. Defendant's criteria clearly excludes persons who, due to a disability, are unable to comply with the face covering policy, even though such persons are clearly exempt from face coverings by the CDC guidance as well as the California guidance on this issue. In addition, Defendant permits children under the age of 2 to enter their stores without face coverings. Defendant does not claim or even argue that such children are any less of a threat to spread COVID-19 than adults with breathing disabilities.

6. DEFENDANT IS NOT A THREAT TO OTHERS. Maintaining social distancing of six feet prevents spreading of COVID-19. In lieu of wearing a mask, Defendant can maintain a six foot distance from other shoppers and store personnel. Defendant has limited the number of shoppers in its stores during the COVID-19 pandemic in order to increase spacing between its customers and staff. Defendant could also have established certain hours for persons who are unable to comply with the store's mask mandate.

7. DELAYED SERVICE. Defendant argues that the service of process was unduly delayed. The service of process was delayed by Defendant's action of closing its main offices in response to COVID-19, thus the process server was unable to enter the offices to serve Defendant.

8. CONCLUSION. The Plaintiff has stated a clear and precise claim against Defendant for violations of the ADA and the California Unruh Act. The CDC and California Department of Public Health issued guidance regarding wearing of masks and face coverings, including exemptions for children and persons with breathing disabilities. Defendant chose to implement a mask policy with only an exemption for children, but

ignoring the exemption for people with breathing disabilities. COVID-19 has caused much disruption in our society, but it has not suspended the ADA; which remains in full force and effect. As such, the ADA requires that the Plaintiff not be denied access or deprived of the experience of shopping at Defendant's stores due to her disability. Plaintiff has adequately established a claim under the ADA and the California Unruh Act and the Defendant's arguments regarding offered alternative procedures are not sufficient to deny Plaintiff the opportunity to present her case to the court. Defendant's motion to dismiss the case pursuant to F.R.C.P. Rule 12(b)(6) should therefore be denied.

Dated: April 15, 2021                           BARIC AND ASSOCIATES

                                                by: _____

                                                Steven D. Baric

Certificate of Service

Case Name:   Gilles v. Sprouts, et al          No:   30-20-cv-02131-GPC-JLB

I hereby certify that on April 15, 2021, I electronically filed the following documents with the Clerk of Court by using the CM/ECF system:

Opposition to Defendants Rule 12 b 6 motion

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the forgoing is true and correct and that this declaration was executed on April 15, 2021, at Sacramento, California.

Declarant                                              Signature