OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
DAVID RAIZMAN, CA Bar No. 129407
david.raizman@ogletree.com
AMBER L. ROLLER, CA Bar No. 273354
amber.roller@ogletree.com
J. NICHOLAS MARFORI, CA Bar No. 311765
nicholas.marfori@ogletree.com
400 South Hope Street, Suite 1200
Los Angeles, California 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendant
SF Markets, LLC (erroneously sued as Sprouts Farmers Market, Inc.)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER GILLES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPROUTS FARMERS MARKET, INC. AND DOES 1 THROUGH 20, INCLUSIVE,<br><br>　　　　Defendants. | Case No. 3:20-cv-02131-GPC-JLB<br><br>**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)**<br><br>Date:　May 14, 2021<br>Time:　1:30 p.m.<br>Place:　Courtroom 2D, 2nd Floor<br><br>Complaint Filed: October 30, 2020<br>Trial Date:　None<br>District Judge:　Hon. Gonzalo P. Curiel<br>　　Courtroom 2D, Schwartz<br>Magistrate Judge: Hon. Jill L. Burkhardt<br>　　Courtroom Suite 5140, Schwartz |

Case No. 3:20-cv-02131-GPC-JLB
DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF
ITS MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)

Reply Memorandum ISO

## I. INTRODUCTION

In her opposition to the Rule 12(b)(6) Motion to Dismiss filed by defendant SF Markets, LLC ("Sprouts," erroneously sued as "Sprouts Farmers Market, Inc."), plaintiff Amber Gilles ("Plaintiff") has proffered eight numbered paragraphs comprising her entire opposition ("the Opposition") purporting to challenge Sprouts' well-reasoned legal argument regarding Plaintiff's failure to state a claim for which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  While crediting her brevity, Plaintiff has nonetheless failed to successfully rebut the arguments that warrant dismissal of the Complaint, and accordingly, her claims should be dismissed.

## II. PLAINTIFF HAS WAIVED HER OPPOSITION TO THE DISMISSAL OF HER RETALIATION AND NEGLIGENCE CLAIMS.

Section VI of Sprouts' moving brief addressed Plaintiff's failure to state a *prima facie* case for negligence.  (ECF No. 7-1, 16-17.)  Plaintiff has entirely failed to respond to this argument, and does not even mention her negligence claim in the Opposition.  Accordingly, Plaintiff has waived opposition to Sprouts' Motion to Dismiss as it pertains to her negligence claim, which should be dismissed as uncontested.  *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("'[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.'") (citing *Sportscare of America, P.C. v. Multiplan, Inc.,* 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011)).

Similarly, Plaintiff's Opposition also fails to address her claim of retaliation under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act

---

[1] In addition, one paragraph of the Opposition – Paragraph 7 – appears to be an improper sur-reply to Defendant's Motion to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (ECF Nos. 3, 3-1), addressing the issues of Plaintiff's service of the Complaint, rather than the merits of Defendant's 12(b)(6) arguments.  Plaintiff already filed her opposition to the Rule 4(m) motion to dismiss. (ECF No. 5.)

Reply Memorandum ISO

1   Case No. 3:20-cv-02131-GPC-JLB
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(B)(6)

("the Unruh Act"), addressed in Section V of Sprouts' Motion to Dismiss. (ECF No. 7-1 at 16.) Accordingly, the motion to dismiss her retaliation claims should also be dismissed as uncontested.

### III. SPROUTS IS NOT REQUIRED TO PROVIDE THE EXACT ACCOMMODATION OF PLAINTIFF'S CHOICE

In her Opposition, Plaintiff summarily rejects every single accommodation proffered by Sprouts: (a) the ability to wear a face shield in lieu of a face mask (ECF No. 9 ¶ 1); (b) online shopping (*id.* ¶ 4); and (c) utilizing a store employee to shop for her. (*Id.*) Plaintiff appears to suggest that only two possible accommodations exist: permission to simply not comply with Sprouts' face covering policy in any way or the establishment of "certain hours for persons who are unable to comply with the store's mask mandate." (*Id.* ¶ 6.) The first proposed accommodation is addressed at length in Sprouts' Motion to Dismiss (ECF No. 7-1) and nowhere rebutted in the Opposition. Plaintiff's second proposed accommodation (separate store hours) appears to be her complete response to Sprouts' extensively-reasoned and well-supported argument that permitting Plaintiff (or any other individual) to shop without a mask creates a direct threat of harm to Sprouts employees and other customers:[2] that Sprouts should have certain hours in which Sprouts does not require *anyone* to comply with its face covering policy. This obviously does nothing to mitigate the very real direct threat posed by the COVID-19 global pandemic, and would instead *increase* the direct threat, particularly with regard to the safety of Sprouts' employees, whom Plaintiff would apparently require to work during these

---

[2] Sprouts at least assumes that Plaintiff intends to argue that *she* does not pose a direct threat to others. The title to this section (confusingly) is "Defendant is not a threat to others" and includes an allegation "In lieu of wearing a mask, Defendant can maintain a six foot distance from other shoppers and store personnel." (ECF No. 9 ¶ 6.) Sprouts assumes that Plaintiff intended to say "Plaintiff" instead of "Defendant." But the argument misses the point and defies the well-accepted facts about COVID-19 and CDC guidance that no one knows at any given time what threat he or she may present to others.

times in constant exposure to unmasked individuals, many of whom could be asymptomatic or pre-symptomatic carriers of COVID-19.  This proposed accommodation is reckless and not a required reasonable modification under the ADA.  *See* 42 U.S.C. § 12182(b)(2)(A)(ii) (excusing "reasonable modifications" that would, as here, "fundamentally alter" the nature of the goods and services); *Karczewski v. K Motors, Inc.,* 2015 WL 1470651, at *3 (S.D. Cal. Mar. 21, 2015), vacated and remanded, 693 F. App'x 628 (9th Cir. 2017) (noting that the ADA does not require the provision of different services).

However, even if Plaintiff's proposal *was* a reasonable modification, the ADA does not require Sprouts to provide the exact accommodation that she prefers, merely a reasonable modification (of which it has provided several).  *See Orlando v. Los Alamitos Racing Ass'n,* 676 F. App'x 685, 686 (9th Cir. 2017) (noting that the plaintiff has not "pointed to an aspect of the ADA that requires [the defendant] to implement either of his preferred methods and we have found none").

Plaintiff's challenges to the three reasonable accommodations offered by Sprouts are similarly unavailing.  Plaintiff summarily argues that she is also unable to wear a face shield because "a face shield is a non-permeable barrier placed directly in front of the wearer's mouth and face, which is clearly restrictive to breathing; perhaps not to the same extent as a face mask, but restrictive nonetheless." (ECF No. 9 ¶ 1.)  First, these conclusory assertions do not appear in the Complaint and are therefore irrelevant to an evaluation under Rule 12(b)(6).  Furthermore, the vagueness of this "restrictive but not as restrictive" argument highlights the issues presented by Plaintiff's failure to identify what her "respiratory disability" is, an argument that Plaintiff also fails to address to in her Opposition.

In response to the personal shopping and online shopping accommodations offered by Sprouts, Plaintiff argues that these would "deprive Plaintiff of the benefit of entering the store to select her own produce," stating that she needs to view, touch, and smell the products to select the "most appealing specimen."  (ECF No. 9

1 ¶ 4.)  Plaintiff has failed to identify how having a Sprouts employee (an individual
2 with presumably extensive experience with fresh fruits and vegetables) select the
3 most appealing specimen would yield a materially different result than Plaintiff
4 doing so for herself.  *See Orlando v. Los Alamitos,* 676 F. App'x at 686 (noting the
5 plaintiff's failure to explain why his preferred accommodation would provide
6 "meaningfully different access" than the accommodation provided by defendant was
7 fatal to his claim).

8       More to the point, the ADA prohibits a failure to make reasonable
9 modifications in policies, practices, or procedures when such modifications are
10 *necessary* to afford such goods, services, facilities, privileges, advantages, or
11 accommodations to individuals with disabilities.  42 U.S.C. §12182(b)(2)(A)(ii)
12 (emphasis added).  This is accomplished by a consideration of how facilities are used
13 by non-disabled guests and taking reasonable steps to provide disabled guests with a
14 "like" experience.  *Baughman v. Walt Disney World Co.,* 685 F. 3d 1131, 1135 (9th
15 Cir. 2012).  However, nothing in the ADA requires an *identical* experience for
16 disabled and non-disabled guests, which is what Plaintiff demands here.  *Gil v.*
17 *Winn-Dixie Stores, Inc.,* No. 17-13467, Slip Op. at 25 (11th Cir. April 7, 2021).  As
18 the *Baughman* court noted, "[f]acilities are not required to make any and all possible
19 accommodations that would provide full and equal access to disabled patrons; the
20 need only make accommodations that are reasonable."  *Id.* (noting that facilities may
21 consider several factors, including safety).

22 **IV.**   **PLAINTIFF'S FLIPPANT RESPONSES TO DEFENDANT'S SAFETY**
23       **CONCERNS ARE UNAVAILING**

24       Plaintiff further appears to attempt to discredit Defendant's determination that
25 the eligibility criteria incorporated into its face covering policy are neutral and
26 necessary for the safe operation of Sprouts' stores.  Plaintiff argues that, because
27 Sprouts' policy permits children under the age of 2 to enter the stores without face
28

coverings, the policy is somehow at odds with CDC recommendations and not a neutral criterion. This argument hardly merits a response.

First, Plaintiff offers no support for her contention that, because Sprouts' face covering policy does not eliminate every potential source of COVID-19 risk, it is somehow disingenuous. Indeed, such an argument cuts against Sprouts' clear authority under the ADA to conduct a direct threat analysis, relying on both public health authorities and the infectious disease expert Sprouts has retained. (*See* ECF No. 7-1, Ex. A.) The CDC guidelines are necessarily broader than Sprouts' analysis, which focuses only on safety within Sprouts' grocery stores. This argument also presents a false equivalence between Plaintiff, an adult woman, and an infant, not independently shopping in Sprouts' stores, and incapable of wearing a mask, unlike Plaintiff. Furthermore, Plaintiff has the ability to take advantage of the personal and online shopping reasonable accommodations offered by Sprouts, unlike a child under the age of 2.

Second, Plaintiff's argument that *because* the eligibility criteria presumably excludes an individual who is unable to wear a mask due to a disability, it somehow follows that the criteria is not neutral, completely disregards the language of the ADA. Again, Plaintiff proffers no support for this position, and with good reason. The implementing regulations anticipate the imposition of *neutral* rules and criteria that screen out individuals with disabilities if the criteria are necessary for the safe operations of the public accommodation. 28 C.F.R. § 36.301(b) (emphasis added). Plaintiff's interpretation would render this regulation unnecessary, and ignores the extensive case law supporting Sprouts' position, as discussed at length in Section IV(B) of Sprouts' Motion to Dismiss. (ECF No. 7-1 at 14-18.) Furthermore, as the

/ / /

/ / /

/ / /

/ / /

5   Case No. 3:20-cv-02131-GPC-JLB
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(B)(6)

Reply Memorandum ISO

CDC has observed, "most people with underlying medical conditions can and should wear masks," including individuals with asthma.³  (Ex. 7 to ECF No. 7-3.)

Finally, Plaintiff argues (again without support) that she is not a threat to others, arguing that "[i]n lieu of a mask, Defendant [sic] can maintain a six foot distance from other shoppers and store personnel."  (ECF No. 9 ¶ 6.)  This again disregards common sense, the central purpose of the health orders mandating indoor masking and the opinion of Sprouts' infectious disease expert, who opined that "due to the nature of the work at Sprouts, 6-foot distancing and physical barriers are not always feasible, hard to enforce with the public, or may be of limited effectiveness in preventing transmission in the absence of other protective measures, such as face coverings."  (Ex. A to ECF No. 7-1 at 3.)  Plaintiff cannot supplant the expert analysis of Sprouts' expert with her own self-serving, unsupported, and unqualified opinion.  Accordingly, whether Plaintiff believes she is a direct threat is irrelevant.

## V. CONCLUSION

For the reasons stated above, Sprouts respectfully requests that its motion to dismiss should be granted.

Respectfully submitted,

DATED:  April 22, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ Amber L. Roller
    Amber L. Roller
    J. Nicholas Marfori

Attorneys for Defendant SF Markets, LLC (erroneously sued as Sprouts Farmers Market, Inc.)

44938368.1

---

³ Again, this underscores the problems of Plaintiff's failure to sufficiently identify her alleged respiratory condition.