UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER GILES,<br><br>                              Plaintiff,<br><br>v.<br><br>SPROUTS FARMERS MARKET, INC., and DOES 1 through 20, inclusive,<br><br>                              Defendants. | Case No.: 20-cv-2131-GPC-JLB<br><br>**ORDER DISMISSING COMPLAINT**<br><br>[ECF Nos. 3, 7] |

On August 6, 2020, in the midst of the COVID-19 pandemic and months before the availability of a COVID-19 vaccination, Plaintiff was denied entry into a Sprouts Farmers Market to shop for groceries when she refused to wear either a face covering or a face shield to gain entry. Plaintiff alleges that she suffers from a disability that prevents her from wearing a mask for medical reasons and that Sprouts Farmers Market discriminated against her based upon her disability. Before this Court are two Motions to Dismiss ("MTD") filed by Defendant SF Markets, LLC ("Defendant"), referred to by Plaintiff as Sprouts Farmers Market, Inc. The first MTD ("1st MTD") seeks to dismiss the Complaint due to Plaintiff's failure to properly serve Defendants in accordance with Federal Rule of Civil Procedure 4 ("Rule 4"). *See* ECF No. 3. The second MTD ("2d

1

MTD") seeks to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), i.e., for failure to state a claim upon which relief can be granted. *See* ECF No. 7. Upon considering the moving papers and the record of the case, the Court **DENIES** the 1st MTD but **GRANTS** the 2d MTD. As such, the Court **DISMISSES** Plaintiff's Complaint.

I. BACKGROUND

  A. Factual Allegations

Defendant owns the stores known as Sprouts Farmers Market. *See* Compl. ¶ 4, ECF No. 1. The Complaint alleges that Defendant's corporate policy requires all customers of Sprouts Farmers Market to wear masks covering their mouth and nose while inside the stores, with no exception for medical conditions. *See id.* ¶ 6. Plaintiff objects to this policy; according to Plaintiff, she is "a person with a disability" with "several health conditions" relating to her breathing. *Id.* ¶ 7. "Plaintiff cannot wear a mask or face covering without experiencing shortness of breath. These conditions prevent her from wearing a mask over her face, as certified by a health professional." *Id.*

Specifically, on August 6, 2020, Plaintiff was denied entry into a Sprouts Farmers Market store, owned by Defendant, for not wearing a mask. *See id.* ¶ 12. "Plaintiff explained that she suffers from medical conditions which make it impossible for her to wear a mask and that she has documentation of her condition from a medical professional." *Id.* However, the employee of the store did not let her in and did not consider her request for an exemption, citing store policy. In addition, the employee "did not offer Plaintiff to have someone gather the groceries for her, or provide any other reasonable accommodation." *Id.* When Plaintiff responded "that her rights were being violated" and "that it was not safe for her to wear a mask," the employee threatened to call the police if she did not leave the premises. *Id.*

/ / /

Plaintiff further alleges that the accommodations provided by Defendant's stores are insufficient. According to Plaintiff, the option of having a store employee shop for the customer or use curbside pickup and delivery services is "not available at all stores, at the same time, and do not apply to some items . . . such as alcohol." *Id.* ¶ 16. Further, such services "do not provide an adequate alternative when it comes to selecting non-packaged goods, such as fresh vegetables and fruits." Most importantly, Plaintiff characterizes such services as denying her the "full and equal access" to the stores that non-disabled customers experience. *Id.*

### B.   Procedural History

Plaintiff filed her Complaint on October 30, 2020. The Complaint alleges three causes of action: (1) a violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and relatedly the California Unruh Civil Rights Act (the "Unruh Act");[1] (2) retaliation and coercion in violation of the ADA; and (3) negligence and/or reckless conduct. *Id.* at 6–11. Plaintiff effected service on February 17, 2021. *See* Pl.'s Opp'n 1st MTD 3, ECF No. 5.

Defendant filed the 1st MTD based on the fact that it took Plaintiff 110 days to effect service since the filing of her Complaint, which was 20 days after the deadline for service under Rule 4(c), (m). ECF No. 3. Subsequently Defendant filed the 2d MTD, pursuant to Rule 12(b)(6). ECF No. 7. Plaintiff filed an Opposition to each MTD, ECF Nos. 5, 9, and Defendant filed the corresponding Replies, ECF Nos. 6, 10.

/ / /

---

[1] The Court observes that the Unruh Act is not an express cause of action listed in Plaintiff's Complaint. *See* Compl. 6–11, ECF No. 1. However, the Complaint references a "violation" of the Unruh Act in multiple passages in conjunction with the ADA. *See id.* ¶¶ 6, 16, 18, 19, 34.

## II. MOTION TO DISMISS FOR FAILURE TO EFFECT SERVICE

In the 1st MTD, Defendant argues that dismissal is warranted because Plaintiff failed to serve Defendant within 90 days after she filed the Complaint, in violation of Rule 4. *See* Def.'s 1st MTD Mem., ECF No. 3-1. It is true that a defendant must be served within 90 days of plaintiff filing the complaint—or else the action must be dismissed without prejudice as to that defendant, unless plaintiff can show good cause. Fed. R. Civ. P. 4(m). At the same time, the Court has discretion to extend time for service even absent good cause. *Harper v. Wright*, 744 F. App'x 533, 534 (9th Cir. 2018) (citing, among others, *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *In re Sheehan*, 253 F.3d 507, 512–13 (9th Cir. 2001)). The discretion is "broad," and the Court may even extend time for service retroactively. *See, e.g.*, *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004).

Here, the Court prefers to resolve the dispute based on the merits, which has the added benefit of conserving resources. *Cf. Ramirez v. Cty. of Alameda*, No. C12-4852 MEJ, 2013 WL 5934700, at *3 (N.D. Cal. Oct. 31, 2013). And to the extent that the Court can exercise its broad discretion to extend time for service, the Court does so since Defendant was actually noticed and eventually served. *Cf. Efaw*, 473 F.3d at 1041 (discussing the factors courts may consider in exercising the discretion, which includes "actual notice of a lawsuit, and eventual service").

Therefore, the Court **DENIES** Defendant's 1st MTD. Relatedly, the Court denies as moot Defendant's Request for Judicial Notice ("RJN") in support of the 1st MTD, ECF No. 3-3. The Court did not rely on the underlying documents in its decision.

## III. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

In the 2d MTD, Defendant argues that dismissal is warranted under Rule 12(b)(6). *See* ECF No. 7. The Court ultimately concludes that even under the Rule's legal standard

of constructing Plaintiff's factual allegations as true and making all inferences most favorable to her, there is no valid cause of action for which relief can be granted. Therefore, the Court **GRANTS** Defendant's 2d MTD, with an opportunity to amend Plaintiff's First Cause of Action (but not for the Second or Third).

### A.     Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted if the complaint lacks a cognizable legal theory, or if it fails to plead essential facts under the cognizable legal theory presented. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In other words, "the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).  Determining the plausibility of the claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court's consideration is limited to the following: the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *See Lee v. Los*

*Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).  The court assumes the truth of all factual allegations and construes all inferences from them in the light most favorable to the non-moving party.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  At the same time, legal conclusions need not be taken as true merely because they are in the form of factual allegations.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).  In addition, the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."  *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1096 (9th Cir. 2004) (quotations omitted).

    **B.**    **Requests for Judicial Notice**

As part of Defendant's 2d MTD, Defendant filed an additional RJN, ECF No. 7-3, which the Court addresses here.  First, the Court takes judicial notice of Exhibit 1 of Defendant's 2d MTD RJN, ECF No. 7-4.  The underlying document is the COVID-19 policy of Defendant's stores.  The store policy is directly referenced in Plaintiff's Complaint, which makes it appropriate for judicial notice.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Next, the Court takes judicial notice of Exhibits 7, 12, and 15 of Defendant's 2d MTD RJN, ECF Nos. 7-10, 7-15, 7-18.  These are official documents published by the U.S. Center for Disease Control ("CDC"), the California Department of Public Health ("CDPH"), and the San Diego County Health and Human Services Agency ("San Diego HHSA"), respectively.  The first two documents are directly referenced in Plaintiff's Complaint, and all three are judicially noticeable as matters of public record.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank-Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).

/ / /

1  The Court declines to take judicial notice of the other Exhibits and denies the rest
2  of the requests as moot, for the Court did not rely on the underlying documents in
3  reaching the decision.

### C.  Analysis

With the above legal standard in mind, the Court reviews Defendant's 2d MTD. Even under the legal standard that heavily favors Plaintiff, the Court concludes there are no valid causes of action. The First Cause of Action, mostly grounded in Title III of the ADA, fails because Defendant did not discriminate against Plaintiff based upon her alleged disability. Specifically, Plaintiff has failed to allege that she was incapable of wearing a face shield; Defendant's store made an individualized assessment that customers not wearing facial covering are a "direct threat" to the health or safety of others; and Defendant offered an accommodation to permit her to shop for groceries. The Second and Third Causes of Action are mostly conclusory allegations, which the Court need not consider when deciding on a Rule 12(b)(6) motion. In addition, Plaintiff's Opposition brief is wholly silent on the second and third claims, which the Court deems as waiving the right to advance them.

### 1.  ADA Title III and the Unruh Act

The Court addresses the ADA Title III claim first, which is at the crux of this lawsuit. For a valid Title III claim under the ADA, Plaintiff must show that: (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) she was denied public accommodations by the defendant because of her disability. *See* 42 U.S.C. § 12182(a); *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). The parties do not disagree on the second factor, so the rest of the Court's analysis pertains to the first and third factor.

/ / /

As an initial matter, Defendant argues that Plaintiff's allegations are wholly conclusory. Certain allegations are, such as Plaintiff's claims that she is "a person with a disability," or that Defendant denies disabled customers "full and equal access to Defendant's stores." *See, e.g.*, Compl. ¶¶ 7, 16, ECF No. 1; *cf. Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) (finding passages such as "failed to provide accessible service counters" and "full and equal access" conclusory). However, the Complaint also alleges that Plaintiff has issues with "breathing," such that she "cannot wear a mask or face covering without experiencing shortness of breath." Compl. ¶ 7, ECF No. 1. She further claims that her health conditions prevent her from "wearing a mask over her face, as certified by a health professional." *Id*. The Court agrees that the Complaint could be clearer as to what her medical condition is and how it prevents her from wearing a mask, but they are at least sufficient to allege she is disabled within the meaning of the ADA. After all, the plausibility of a pleading is distinct from "detailed." *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Instead, the allegations are insufficient to plausibly allege that she was denied public accommodations because of her disability (the third element). The Complaint explicitly alleges that Plaintiff was denied entry for not wearing a *mask*, despite Plaintiff describing her medical conditions to the store employee. *See* Compl. ¶ 12, ECF No. 1. But it says nothing about Plaintiff describing her medical condition that prevented her from wearing a *face shield*. Sprouts Farmers Market allows customers to shop with a face shield.[2] Plaintiff does not claim that she cannot wear a face shield or that a health professional has certified that she cannot wear a face shield. Her allegations regarding her disability fail to account for the modification that permitted her to shop with a face

---

[2] The judicially noticed policy of Sprouts Farmers Market provides that "we are also allowing face shields in our stores." Def.'s 2d MTD RJN Ex. 1 at 4, ECF No. 7-4.

shield. Accordingly, her allegations do not plausibly allege that Defendant maintained a policy that prevented her from shopping at Sprouts Farmers Market given her claimed disability. *Cf. Pletcher v. Giant Eagle Inc.*, No. CV 2:20-754, 2020 WL 6263916, at *4 (W.D. Pa. Oct. 23, 2020) (discussing how specific claims of disability discrimination challenging face covering policy were deficient where store policy permits customers to wear full-face shields to shop in its stores and plaintiff failed to allege that he was unable to wear a full-face shield due to a disability).

Further, the Complaint fails to establish whether Defendant's conduct even constituted discrimination to begin with. Various parts of 42 U.S.C. § 12182(b) discuss what would be considered "discriminatory" or "discrimination." But most importantly, subsection (b)(3) states the following:

> Nothing in this subchapter shall require an entity to permit an individual to participate in or benefit from the goods, services, facilities, privileges, advantages and accommodations of such entity where such individual poses a direct threat to the health or safety of others. The term "direct threat" means a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures or by the provision of auxiliary aids or services.

42 U.S.C. § 12182(b)(3). This statute is further clarified by the Department of Justice's regulation and guidance. Specifically:

> In determining whether an individual poses a direct threat to the health or safety of others, a public accommodation must make an individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence, to ascertain: The nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk.

28 C.F.R. § 36.208(b). And while this determination "may not be based on generalizations or stereotypes," the assessment "will not usually require the services of a

physician," and the public accommodation can consider public health authorities, including the Centers for Disease Control. *See* ADA Title III Technical Assistance Manual § III-3.8000; *see also Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 876 (9th Cir. 2004) (citing *Bragdon v. Abbott*, 524 U.S. 624, 646 (1998)) (discussing how the Department of Justice's views of Title III of the ADA is entitled to deference). To summarize, as long as Defendant conducted an individualized assessment of whether an individual poses a direct threat—not based on generalized stereotypes, but based on reasonable judgment grounded in medical knowledge and public health authorities, and based on consideration of reasonable modifications—denying that individual from the store's premises does not constitute discrimination under the ADA.

Here, the individualized assessment was whether a customer (such as Plaintiff) was wearing a facial covering or not. *See* Def.'s 2d MTD RJN Ex. 1 at 3, ECF No. 7-4 (store policy). And this individual assessment was justified because multiple sources of public health documents—including from authorities referenced in Plaintiff's Complaint, *see* ECF No. 1 at ¶¶ 9, 10, 11 (CDPH, San Diego HHSA, and the CDC, respectively)—state that those who do not wear masks can be public health threats. *See, e.g.*, Def.'s 2d MTD RJN Ex. 7 at 1–2, ECF No. 7-10 (CDC); Def.'s 2d MTD RJN Ex. 12 at 1, ECF No. 7-15 (CDPH); Def.'s 2d MTD RJN Ex. 15 at 9–11, ECF No. 7-18 (San Diego HHSA). Further, Defendant's policy specifically accounted for modifications, such as a face shield, a personal shopper, curbside pickup, or online delivery. *See* Def.'s 2d MTD RJN Ex. 1 at 3, ECF No. 7-4.

Plaintiff's first response is that all the public health documents reference exceptions, including persons with breathing difficulties. *See* Compl. 3–4, ECF No. 1; Pl.'s Opp'n Mem. 2, ECF No. 9. But these exceptions are not germane to calculating the risk itself. Instead, the risk is the same between those with or without breathing difficulties, but should be accounted for by way of reasonable modifications—which

Defendant did in the form of various accommodations (face shield, personal shopper, etc.).

Second and related to the first response, Plaintiff questions Defendant's risk assessment when the policy does not "eliminate" the spread of COVID-19 because it still permits small children without masks. *See* Pl.'s Opp'n Mem. 2, ECF No. 9. This argument fails because the public health documents indicate that the relevant risk of a direct threat is not a yes-or-no question, but a matter of degree. *See, e.g.*, Def.'s 2d MTD RJN Ex. 7 at 2, ECF No. 7-10 ("Studies show that masks *reduce* the spray of droplets . . . ." (emphasis added)); Def.'s 2d MTD RJN Ex. 12 at 1, ECF No. 7-15 ("The use of face coverings . . . can *limit* the release of infected droplets . . . ." (emphasis added)); Def.'s 2d MTD RJN Ex. 15 at 9, ECF No. 7-18 ("The actions . . . are necessary to *reduce* the number of individuals who will be exposed to COVID-19 . . . ." (emphasis added)). *See generally* 28 C.F.R. § 36.208(b) (requiring the individual assessment to consider the "severity" and "probability" of the risk, which is inherently an issue of gradation).

Third, Plaintiff argues that she is not a threat to others. Pl.'s Opp'n Mem. 3, ECF No. 9. As Defendant points out, *see* Def.'s 2d MTD Reply 6, ECF No. 10, Plaintiff's self-serving valuation is uninformed and irrelevant to the independent assessment of direct threat. Meanwhile, Defendant's independent assessment that she may pose a threat to other shoppers was based on a slew of public health documents which, among other things, reveal that asymptomatic individuals can carry the virus and infect others.

The Court addresses one other implicit argument made by Plaintiff, which is that "Defendant's Employee did not offer Plaintiff to have someone gather the groceries for her, or provide any other reasonable accommodation." Compl. ¶ 12, ECF No. 1. However, the Complaint asserts that the employee cited "store policy," *see id.*, which indicates that Plaintiff would have been able to enter the store if she wore a face shield. As discussed *supra* pages 8–9, the Complaint is wholly silent on the permissibility of

face shields (and Plaintiff's inability to wear them), and the Court did not consider Plaintiff's post hoc response on the matter, *see* Pl.'s Opp'n Mem. 1–2, ECF No. 9. *See, e.g.*, *Smith v. Specialized Loan Servicing, LLC*, No. 16CV2519-GPC(BLM), 2017 WL 1711283, at *5 (S.D. Cal. May 3, 2017) (citing *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001)) (declining to consider allegations made in opposition briefs).

Because Defendant conducted an individualized assessment of the direct threat posed by Plaintiff by her unwillingness to wear a face mask or face shield, Defendant's policy did not constitute "discrimination" under Title III of the ADA. And because there is no predicate Title III violation, Plaintiff's cause of action grounded in the Unruh Act also fails. Therefore, the Court **DISMISSES** Plaintiff's First Cause of Action.

### 2. ADA Retaliation and Coercion

Plaintiff's Second Cause of Action alleges a "Retaliation and Coercion in Violation of the ADA." Compl. 9, ECF No. 1. Yet upon Defendant's move to dismiss this claim, Plaintiff's Opposition is silent on the matter. *See* ECF No. 9. *See generally Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (citations omitted) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (deeming that plaintiff abandoned claims by not raising them in opposition to motion for summary judgment).

The Court also agrees with Defendant that this set of allegations is nothing more than a repackaging of the Title III discrimination claim. At best, Plaintiff's allegations are conclusory. There are insufficient underlying facts for the Court to link Defendant's corporate policy (and the employee's denial of access based on such) with "retaliation," or "interference, coercion, or intimidation," which are all legal terms of art under 42 U.S.C. § 12203. Because Plaintiff waived the issue when Defendant moved to dismiss

the claim, and because Plaintiff's allegations are conclusory and unsupported by sufficient facts, the Court **DISMISSES** Plaintiff's Second Cause of Action.

### 3. Negligence and/or Reckless Conduct

Plaintiff's Third Cause of Action is a negligence/recklessness claim, but like the Second, Plaintiff's Opposition is silent on the issue even after Defendant seeks to dismiss it. Therefore, the Court finds that Plaintiff waived the allegation.

Further, the Complaint makes little sense in establishing the requisite elements for a valid negligence claim and instead relies on conclusory words as to how Defendant was "careless," "negligent," or "reckless." *See Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1321 (S.D. Cal. 2014) (citing *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996)) ("The elements of a negligence cause of action are: (a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury."), *aff'd*, 816 F.3d 1170 (9th Cir. 2016). Without dissecting each paragraph, the Court points out that Plaintiff fails to identify what Defendant's "duty of care" is, or how being denied entry to a store caused shortness of breath. At minimum, the discussions in Section III.C.1, *supra*, rejects Plaintiff's allegations of any breach. Accordingly, the Court also **DISMISSES** Plaintiff's Third Cause of Action.

### D. Leave to Amend

Having dismissed all Causes of Action, the Court next considers whether Plaintiff is entitled for an opportunity to amend her Complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Neither parties' briefs address this issue.

The Court permits leave to amend the First Cause of Action. Given that there is a small possibility that amendment could cure the defects discussed above, the Court will grant leave to amend the Complaint. *Cf. Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by

amendment."); Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").

In contrast, the Second and Third Causes of Action are dismissed with prejudice and with no opportunity amend, for Plaintiff abandoned the claims by conceding Defendant's 2d MTD.  *See Gates v. United States*, No. 17-CV-2093-JAH-BGS, 2018 WL 3303019, at *4 (S.D. Cal. July 5, 2018) (citing *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011)).

## IV.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's first Motion to Dismiss, ECF No. 3, and **GRANTS** Defendant's second Motion to Dismiss, ECF No. 7. Specifically, Plaintiff's First Cause of Action is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's Second and Third Causes of Action are **DISMISSED WITH PREJUDICE**.  Within thirty (30) days of the filing of this Order, Plaintiff may file an amended complaint that is limited to curing any deficiencies relating to the First Cause of Action.

**IT IS SO ORDERED.**

Dated:  May 24, 2021

Hon. Gonzalo P. Curiel
United States District Judge